**FILED**

JAN 29 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **19 CR 080** |
| ) | |
| v. ) | JUDGE CHANG |
| ) | |
| IGOR KRIVORUCHKO, ) | MAGISTRATE JUDGE KIM |
| LILY HARUTUNIAN, ) | |
| OKSANA CHURA, and ) | Violation: Title 18, United States Code, |
| KIMBERLY DIERKING ) | Section 1344 |

### COUNT ONE

The SPECIAL JUNE 2018 GRAND JURY charges:

1. At times material to this Indictment:

   a. Defendant IGOR KRIVORUCHKO was a general contractor in the business of constructing and rehabbing multi-unit condominium buildings (the "Krivoruchko Condos") in the Chicago area and elsewhere through companies which he formed (the "Krivoruchko Companies").

   b. Defendant KRIVORUCHKO caused the Krivoruchko Companies to obtain construction loans from various lenders, including Bridgeview Bank Group, Hyde Park Bank and Trust Company, Inland Bank & Trust, The PrivateBank and Trust Company, and Ravenswood Bank (the "construction lenders") to finance the construction of the Krivoruchko Condos.

   c. The construction loan and security agreements between the construction lenders and the Krivoruchko Companies included provisions (i) giving each construction lender a security interest in the Krivoruchko Condo being built

with that construction lender's financing; (ii) requiring the notification of the construction lenders of the sales of condominium units securing their respective construction loans; and (iii) requiring payment to the construction lenders of all or the vast majority of the sale proceeds from each Krivoruchko Condo until the construction loan was paid off. Construction lenders filed liens on the Krivoruchko Condos to perfect their security interests.

    d.    Defendant LILY HARUTUNIAN was an Illinois licensed loan originator and president of Progressive Financial Group, Inc., a mortgage brokerage located in Glenview, Illinois, which arranged purchase money mortgage loans on behalf of borrowers who wished to purchase Krivoruchko Condos.

    e.    Defendant OKSANA CHURA was an Illinois licensed loan originator affiliated with Progressive Financial Group and an Illinois licensed real estate salesperson.

    f.    Individual A was employed by Progressive Financial Group as a loan processor.

    g.    Defendant LILY HARUTUNIAN was also president of Horizon View Title Inc., a title company in Glenview, Illinois, that offered title, escrow, and real estate transaction closing services.

    h.    Defendant KIMBERLY DIERKING was employed by Horizon View Title and her responsibilities included closing real estate transactions.

i. Defendant KRIVORUCHKO used Progressive Financial Group to find buyers for the Krivoruchko Condos and used Horizon View Title to handle the closings related to the sale of the Krivoruchko Condos.

j. A and N Mortgage Services, AmTrust Bank, Bank of America, N.A., Citibank N.A., Countrywide Bank FSB, National City Bank, and Wells Fargo Bank N.A. (the "purchase money lenders") were in the business of providing purchase money mortgage loans to prospective buyers of real estate.

k. A and N Mortgage Services was a mortgage lending business and a financial institution. The remaining purchase money lenders, as well as the construction lenders, were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation.

l. Financial institutions required applicants for mortgage loans to provide truthful information, including regarding the sales price of the properties, the source of down payments, buyers' assets and income, and gift of funds used by the buyers to purchase the properties, which information was material to the approval, terms, and funding of the loans. Financial institutions making purchase money mortgage loans required that they receive a first and prior lien on the property securing the loan.

m. The United States Department of Housing and Urban Development Settlement Statement, more commonly known as the "HUD-1," was a standard form used during the purchase or refinancing of real estate to accurately itemize information related to the real estate transaction, including the payment of

funds by and on behalf of the borrower, fees charged to the borrower by the lender, and the disbursement of transaction proceeds, including the payoff of any prior lienholders.

2. Beginning in or about July 2008, and continuing until in or about August 2009, at Glenview, in the Northern District of Illinois, Eastern Division, and elsewhere,

> IGOR KRIVORUCHKO,
> LILY HARUTUNIAN,
> OKSANA CHURA, and
> KIMBERLY DIERKING,

defendants herein, together with Individual A and others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud financial institutions, and to obtain money from the financial institutions by means of materially false and fraudulent pretenses, representations, and promises, which scheme affected a financial institution, and which is further described below.

### Overview of the Scheme

3. It was part of the scheme that defendants KRIVORUCHKO, HARUTUNIAN, and DIERKING defrauded construction lenders and purchase money lenders by: (i) falsely representing to the purchase money lenders and title companies that the purchase money lenders would receive first lien on the Krivoruchko Condos securing their loans; and (ii) concealing the sales from and failing to pay the sales proceeds to the construction lenders. Defendants KRIVORUCHKO, HARUTUNIAN, and DIERKING thereafter fraudulently diverted

to their own use and benefit the proceeds of the sales of the Krivoruchko Condos which were owed to the construction lenders.

4. It was further part of the scheme that defendants HARUTUNIAN and CHURA, and Individual A, fraudulently caused purchase money lenders to approve and fund mortgage loans to borrowers for the purchase of Krivoruchko Condos by making and causing to be made materially false representations in loan applications and supporting documentation, including HUD-1s, so that the borrowers would falsely appear to be qualified to receive mortgage loans.

### Falsification of Loan Applications

5. It was further part of the scheme that defendants HARUTUNIAN and CHURA solicited individuals to purchase the Krivoruchko Condos, knowing that buyers would be fraudulently qualified for mortgage loans to purchase the properties.

6. It was further part of the scheme that defendants HARUTUNIAN and CHURA, and Individual A, fraudulently caused purchase money lenders to approve and fund mortgage loans for prospective buyers of Krivoruchko Condos by providing and causing to be provided to the purchase money lenders loan applications, HUD-1s, and supporting documentation, knowing that they contained materially false representations concerning the prospective buyers' employment, assets, contribution toward the purchase price, the payment of funds to prior lienholders, and the disposition of loan proceeds.

7. It was further part of the scheme that defendants HARUTUNIAN and CHURA, and Individual A, created and caused to be created fraudulent documents,

including bank statements that overstated buyers' account balances, and wage statements and Forms W2 that claimed income not actually earned by the buyers.

8. It was further part of the scheme that defendants HARUTUNIAN and CHURA knowingly caused Horizon View Title to create HUD-1s that falsely represented to the purchase money lenders the buyers' contribution to the purchase price, knowing that funds represented as having been provided by the buyers had instead been provided by KRIVORUCHKO.

9. It was further part of the scheme that defendants HARUTUNIAN and CHURA caused Horizon View Title's settlement agent to accept funds from the purchase money lenders and deposit the funds into a National City Bank account, number xxxxx3552, held in the name of "Horizon View Title Inc" (the "Horizon View Title Account") and controlled by HARUTUNIAN.

10. It was further part of the scheme that defendants HARUTUNIAN and CHURA converted funds fraudulently obtained from the purchase money lenders to their own use and benefit.

**Diversion of Funds from Construction Lenders**

11. It was further part of the scheme that defendants KRIVORUCHKO, HARTUNIAN, and DIERKING concealed the sales of certain Krivoruchko Condos from the construction lenders and failed to pay over the proceeds from these sales to the construction lenders.

12. It was further part of the scheme that defendants KRIVORUCHKO, HARTUNIAN, and DIERKING fraudulently and falsely represented and caused to

be represented to the purchase money lenders in HUD-1s for the closings of the Krivoruchko Condo sales that the proceeds of the sales would be paid to the construction lenders and that the prior liens of the construction lenders would be released either prior to or as part of the sales transactions in order to create the false appearance that the purchase money lenders would receive a first and prior lien securing the mortgage loans.

13. It was further part of the scheme that defendants KRIVORUCHKO, HARUTUNIAN, and DIERKING, in order to conceal the scheme, made and caused to be made and maintained an altered version of HUD-1s that omitted the claim that funds from the sale of the Krivoruchko Condo had been paid to the prior lienholder.

14. It was further part of the scheme that, in connection with transactions involving the sale of Krivoruchko Condos, defendants KRIVORUCHKO, HARUTUNIAN, and DIERKING prepared and caused to be prepared and submitted to a title insurance company documents that falsely represented that the Krivoruchko Condos were no longer encumbered by outstanding mortgages.

15. It was further part of the scheme that, through the above-described false representations, defendants KRIVORUCHKO, HARUTUNIAN, and DIERKING, fraudulently induced the purchase money lenders to approve and fund mortgage loans to buyers of Krivoruchko Condos, and to cause the mortgage proceeds to be deposited into Horizon View Title Account, controlled by HARUTUNIAN.

16. It was further part of the scheme that, instead of paying over the mortgage proceeds to the construction lenders, defendants KRIVORUCHKO,

HARUTUNIAN, and DIERKING converted the funds to their own use and benefit by causing funds to be transferred, via wire or check, from the Horizon View Title Account to bank accounts which KRIVORUCHKO, HARUTUNIAN, and DIERKING controlled, or to pay individuals and entities to whom KRIVORUCHKO or HARUTUNIAN owed money.

17. It was further part of the scheme that defendants KRIVORUCHKO, HARUTUNIAN, CHURA, and DIERKING, and Individual A, misrepresented and concealed and caused to be misrepresented and concealed the purposes of, and acts done in furtherance of, the scheme in order to avoid detection of the scheme.

18. On or about February 5, 2009, at Glenview, in the Northern District of Illinois, Eastern Division, and elsewhere,

> IGOR KRIVORUCHKO,
> LILY HARUTUNIAN, and
> KIMBERLY DIERKING,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused AmTrust Bank to fund a purchase money mortgage loan by transferring approximately $344,651 in funds related to the sale of 4018 South Western Avenue, Unit 4, Chicago, Illinois, to the Horizon View Title Account;

In violation of Title 18, United States Code, Sections 1344 and 2.

8

## COUNT TWO

The SPECIAL JUNE 2018 GRAND JURY further charges:

1. Paragraphs 1 through 17 of Count One are realleged and incorporated here.

2. On or about June 29, 2009, at Glenview, in the Northern District of Illinois, Eastern Division, and elsewhere,

>IGOR KRIVORUCHKO and
>KIMBERLY DIERKING,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused A and N Mortgage Services, Inc. to fund a purchase money mortgage loan by transferring approximately $358,290 in funds related to the sale of 1414 West Chicago Avenue, Unit 4, Chicago, Illinois, the Horizon View Title Account;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

The SPECIAL JUNE 2018 GRAND JURY further charges:

3. Paragraphs 1 through 17 of Count One are realleged and incorporated here.

4. On or about February 2, 2009, at Glenview, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LILY HARUTUNIAN and
> KIMBERLY DIERKING,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused AmTrust Bank to fund a purchase money mortgage loan by transferring approximately $351,251 in funds related to the sale of 4123 North Pulaski Road, Unit 3, Chicago, Illinois, to the Horizon View Title Account;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR

The SPECIAL JUNE 2018 GRAND JURY further charges:

1. Paragraphs 1 through 17 of Count One are realleged and incorporated here.

2. On or about February 5, 2009, at Glenview, in the Northern District of Illinois, Eastern Division, and elsewhere,

OKSANA CHURA,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused AmTrust Bank to fund a purchase money mortgage loan by transferring approximately $349,473 in funds related to the sale of 4150 South Western Avenue, Unit 4, Chicago, Illinois, to the Horizon View Title Account;

In violation of Title 18, United States Code, Sections 1344 and 2.

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2018 GRAND JURY alleges:

1. The allegations of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2. As a result of the violations of Title 18, United States Code, Section 1344, as alleged in the indictment,

> IGOR KRIVORUCHKO,
> LILY HARUTUNIAN,
> OKSANA CHURA, and
> KIMBERLY DIERKING,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest they may have in any property constituting, and derived, directly and indirectly, from proceeds traceable to the commission of the offenses.

3. If any of the forfeitable property described above, as a result of any act or omission by the defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY